**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| ANDREA HAMILTON <br> 540 - 13th Avenue North <br> Wisconsin Rapids, WI 54495, and <br><br> On behalf of herself and all others <br> similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> 3D IDAPRO SOLUTIONS, LLC. <br> c/o CT Corporation System <br> 301 S. Bedford St., Suite 1 <br> Madison, WI 53703 <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Case No. 18 CV 54 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## PLAINTIFFS' CLASS ACTION COMPLAINT AND JURY DEMAND

## INTRODUCTION

1. Plaintiffs bring this class action against the Defendant, 3D Idapro Solutions LLC, an industrial food dehydration and processing facility ("Defendant" or the "facility") located in Wisconsin Rapids, Wisconsin. Through operation of its facility, Defendant releases noxious odors that invade Plaintiffs' property, causing property damage through negligence, gross negligence and nuisance for which Plaintiffs seek compensantory and punitive relief and injunctive relief not inconsistent with Defendant's federally and state enforced air permits.

## PARTIES

2. At all times relevant hereto, Plaintiff, Andrea Hamilton, has resided at 540 - 13th Avenue North, City of Wisconsin Rapids, County of Wood, State of Wisconsin.

3. Defendant, 3D Idapro Solutions LLC is a Missouri Limited Liability Company with

its registered agent being CT Corporation System, 301 S. Bedford St., Suite 1, Madison, WI 53703.

4. Defendant its agents, and its predecessors constructed, operate and maintain the container reconditioning facility located at 2721 Insustrial Street, in the City of Wisconsin Rapids, County of Wood, State of Wisconsin.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because there are 100 or more Class Members and the aggregate amount in controversy exceeds Five Million Dollars ($5,000,000.00) exclusive of interest and costs. Additionally, Class Members are citizens of a state different from the citizenship of at least one Defendant.

## GENERAL ALLEGATIONS

6. Defendant operates an industrial food processing and dehydration plant where it dehydrates potatoes and other vegetables to produce food and pet food ingredients, organic fertalizers and blended products. Through this process Defendant emits noxious odors into the adjacent residential community.

7. Plaintiffs' property has been and continues to be physically invaded by noxious odors.

8. The noxious odors which entered Plaintiffs' property originated from the facility, where they are generated as a result of Defendant's manufacturing process.

9. Defendant, its predecessors and agents either constructed or directed the construction of the facility and exercised control and ownership over the facility.

10. Defendant's facility, and specifically its emissions, has been the subject of frequent

1

complaints from residents in the neighboring area.

11. Residents of over 100 households have already communicated with Plaintiffs' counsel regarding their experiences with Defendant's emissions.

12. The invasion of Plaintiffs' property by noxious odors has interfered with Plaintiffs' use and enjoyment of their property, resulting in damages in excess of $75,000.

13. Defendant intentionally, recklessly, willfully, wantonly, maliciously, grossly and negligently failed to properly construct, maintain and operate the facility, and caused the invasion of Plaintiffs' property by noxious odors on intermittent and reoccurring dates.

14. Defendant has a well-documented history of emitting noxious odors. Examples include, but are not limited to the following:

   A. A May 5, 2017 Notice of Declaration of Public Nuisance issued to Defendant by the Wisconsin Rapids Community Development Department for "causing, permitting, and allowing the escape into the open air fumes and odors as to cause injury, detriment or nuisance; and therefore the City has declared such fumes and odors to be a public nuisance";

   B. A October 13, 2016 Notice of Violation issued to Defendant by the Wisconsin Rapids Ordinance Control Officers for the emission of noxious odors; and

   C. Several Odor Complaints attrinbuted to Defendant's facility have been lodged with the Wisconsin Department of Natural Resources (DNR) and the City of Wisconsin Rapids by residents from the adjacent neighborhood community.

15. A properly operated, maintained, and managed facility will collect, capture and destroy odorous compounds in order to prevent noxious emissions into the surrounding community.

16. Defendant failed to install and maintain adequate technology to properly control its emissions of noxious odors, including but not limited to the following:

   a. failure to maintain, operate and/or install adequate odor scrubber(s) to limit emissions of odors from its faiclity into the adjacent residential community;

2

    b.    failure to maintain, operate and/or install its pressure pumps on its odor scrubber(s); and

    c.    failure to maintain, operate and/or install a backup system to its odor scrubber.

## CLASS ALLEGATIONS

### A. Definition of the Class

17. Plaintiffs bring this action individually and on behalf of all persons as the Court may determine to be appropriate for class certification, pursuant to Federal Rule of Civil Procedure 23. Plaintiffs seek to represent a Class of persons preliminarily defined as:

> **All owner/occupants and renters of residential property residing within 1.5 miles of the facility's property boundary.**

The definitional boundary is subject to modification as discovery will disclose the location of all persons properly included in the Class ("Class Members"). Plaintiffs reserve the right to propose one or more sub-classes if discovery reveals that such subclasses are appropriate.

18. This case is properly maintainable as a class action pursuant to and in accordance with Rule 23(a) of the Federal Rules of Civil Procedure in that:

    a.    The class, which includes thousands of members, is so numerous that joinder of all members is impracticable;

    b.    There are substantial questions of law and fact common to the class including those set forth in greater particularity herein;

    c.    Questions of law and fact such as those enumerated below, which are all common to the class, predominate over any questions of law or fact affecting only individual members of the class;

    d.    A class action is superior to any other type of action for the fair and efficient adjudication of the controversy;

    e.    The relief sought in this class action will effectively and efficiently provide relief to all members of the class; and,

      f.      There are no unusual difficulties foreseen in the management of this class action.

      g.      Plaintiff, whose claims are typical of those of the Class, through experienced counsel, will zealously and adequately represent the Class.

### B.   Numerosity

19.   The Class consists of thousands of members and therefore is so numerous that joinder is impracticable.

### C.   Commonality

20.   Numerous common questions of law and fact predominate over any individual questions affecting Class Members, including, but not limited to the following:

      a.      whether and how Defendants intentionally, recklessly, willfully, wantonly, maliciously, grossly and negligently failed to construct, maintain and operate the facility;

      b.      whether Defendants owed any duties to Plaintiffs;

      c.      which duties Defendants owed to Plaintiffs;

      d.      which steps Defendants have and have not taken in order to control the emission of noxious odors through the construction, maintenance and operation of the facility;

      e.      whether and to what extent the facility's noxious odors were dispersed over the class area;

      f.      whether it was reasonably foreseeable that Defendants' failure to properly construct, maintain and operate the facility would result in an invasion of Plaintiffs' property interests;

      g.      whether the degree of harm suffered by Plaintiff and the class constitutes a substantial annoyance or interference; and

      h.      the proper measure of damages incurred by Plaintiff and the Class.

### D.   Typicality

21. Plaintiffs have the same interests in this matter as all the other members of the Class, and their claims are typical of all members of the Class. If brought and prosecuted individually, the claims of each Class member would require proof of many of the same material and substantive facts, utilize the same complex evidence including expert testimony, rely upon the same legal theories and seek the same type of relief.

22. The claims of Plaintiffs and the other Class members have a common cause and their damages are of the same type. The claims originate from the same failure of the Defendant to properly construct, maintain and operate the facility.

23. All Class members have suffered injury in fact as a result of the invasion of their properties by noxious odors emitted from Defendant's facility, causing damage in the form of losses to property values.

### E. Adequacy of Representation

24. Plaintiffs' claims are sufficiently aligned with the interests of the absent members of the Class to ensure that the Class claims will be prosecuted with diligence and care by Plaintiffs as representatives of the Class. Plaintiffs will fairly and adequately represent the interests of the Class and do not have interests adverse to the Class.

25. Plaintiffs have retained the services of counsel who are experienced in complex class action litigation, and in particular class actions stemming from invasions of industrial emissions. Plaintiffs' counsel will vigorously prosecute this action and will otherwise protect and fairly and adequately represent Plaintiffs and all absent Class members.

### F. Class Treatment Is the Superior Method of Adjudication

26. A class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint because:

a. Individual claims by the Class members would be impracticable as the costs of pursuit would far exceed what any one Class member has at stake;

b. Little or no individual litigation has been commenced over the controversies alleged in this Complaint and individual Class members are unlikely to have an interest in separately prosecuting and controlling individual actions;

c. The concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy; and

d. The proposed class action is manageable.

## CAUSES OF ACTION I

### NUISANCE

27. Plaintiffs restate allegations 1 through 26 of this Complaint as if fully rewritten herein.

28. The noxious odors, which entered Plaintiffs' property originated from the facility constructed, maintained and operated by Defendant.

29. The noxious odors invading Plaintiffs' property are indecent and offensive to the senses, and obstruct the free use of their property so as to substantially and unreasonably interfere with the comfortable enjoyment of life and property.

30. Defendant owed and continues to owe a duty to Plaintiffs to prevent and abate the interference with the the invasion of the private interests of the Plaintiffs.

31. By constructing and then failing to reasonably repair and maintain its facility, Defendant has intentionally and negligently caused an unreasonable invasion of Plaintiffs' interest

6

in the use and enjoyment of their property.

32. As a foreseeable, direct and proximate result of the foregoing conduct of Defendant, Plaintiffs suffered injuries and damages to their property as alleged herein.

33. Plaintiffs did not consent to the invasion of their property by noxious odors.

34. By causing noxious odors produced and controlled by Defendant to physically invade Plaintiffs' land and property, Defendant intentionally, recklessly, and negligently created a nuisance which substantially and unreasonably interfered with Plaintiffs' use and enjoyment of their property.

35. Whatever social utility Defendant's facility provides is clearly outweighed by the harm suffered by the Plaintiffs and the putative class, who have on frequent occasions been deprived of the full use and enjoyment of their properties and have been forced to endure substantial loss in the value of their properties.

36. Defendant's substantial and unreasonable interference with Plaintiffs' use and enjoyment of their property constitutes a nuisance for which Defendant is liable to Plaintiffs for all damages arising from such nuisance, including compensatory, exemplary, injunctive and punitive relief since Defendant's actions were, and continue to be, intentional, willful, malicious and made with a conscious disregard for the rights of Plaintiffs, entitling Plaintiffs to compensatory and punitive damages.

## CAUSES OF ACTION III AND IV

## NEGLIGENCE AND GROSS NEGLIGENCE

37. Plaintiffs restate allegations 1 through 36 of this Complaint as if fully rewritten herein.

38. Defendant negligently and improperly constructed, maintained and operated the facility such that it caused the invasion of noxious odors onto Plaintiffs' homes, land, and property on occasions too numerous to mention,

39. As a direct and proximate result of Defendant's negligence and gross negligence in constructing, maintaining and operating the facility, Plaintiffs' property, on occasions too numerous to mention, was invaded by noxious odors.

40. As a further direct and proximate result of the foregoing conduct of the Defendant, Plaintiffs suffered damages to their property as alleged herein.

41. The invasion and subsequent damages suffered by Plaintiffs were reasonably foreseeable by the Defendant.

42. By failing to properly construct, maintain and operate its facility, Defendant failed to exercise the duty of ordinary care and diligence, which it owes to Plaintiffs, so noxious odors would not invade Plaintiffs' property.

43. A properly constructed, operated, and maintained facility will not emit noxious odors into neighboring residential areas.

44. By failing to construct, maintain and operate its facility, Defendant has intentionally caused the invasion of Plaintiffs' property by noxious odors.

45. Defendant knowingly breached its duty to exercise ordinary care and diligence when it improperly constructed, maintained and operated the facility and knew, or should have known upon reasonable inspection that such actions would cause Plaintiffs' property to be invaded by noxious odors.

46. As a direct and proximate result of the failure of Defendant to exercise ordinary care, Plaintiffs' residences were invaded by noxious odors causing and constituting damage to their properties.

47. The conduct of Defendant in knowingly allowing conditions to exist which caused noxious odors to physically invade Plaintiffs' property constitutes gross negligence as it demonstrates a substantial lack of concern for whether an injury resulted to Plaintiffs' property.

48. Defendant's gross negligence was malicious and made with a wanton or reckless disregard for the property of Plaintiffs, which entitles Plaintiffs to an award of compensatory, exemplary, and punitive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of the proposed Class, pray for judgment as follows:

A. Certification of the proposed Class pursuant to Federal Rule of Civil Procedure 23;

B. Designation of Plaintiffs as representatives of the proposed Class and designation of their counsel as Class Counsel;

C. Judgment in favor of Plaintiffs and the Class members and against Defendant;

D. Award Plaintiffs and the Class members compensatory and punitive damages, and attorneys' fees and costs, including pre-judgment and post-judgment interest thereupon;

E. Injunctive relief not inconsistent with Defendant's Federal and State Air Permits.

F. An Order holding that entrance of the aforementioned noxious odors upon Plaintiffs' property constituted a nuisance;

G. Such further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: January 24, 2018                                  Respectfully Submitted:

*/s/ Keith E. Tower*
Keith E. Tower
Warshafsky, Rotter, Tarnoff & Bloch, S.C.
839 N. Jefferson St., Suit 300
Milwaukee, WI 53202
Attorneys for Plaintiffs
T: (414) 276-4970
keitht@warshafsky.com

*/s / Laura L. Sheets*
Laura L. Sheets
Brandon T. Brown
*Pro Hac Vice Applicaitons to be submitted*
LIDDLE & DUBIN, P.C.
975 E. Jefferson Avenue
Detroit, MI 48207
lsheets@ldclassaction.com
bbrown@ldclassaction.com
Telephone: (313) 392-0015
Facsimile (313) 392-0025
*Attorneys for Plaintiffs*

10