IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANDREA HAMILTON, on behalf of herself
and all others similarly situated,

                               Plaintiff,                    OPINION and ORDER

    v.

3D IDAPRO SOLUTIONS, LLC,                              18-cv-54-jdp

                              Defendant.

---

Plaintiff Andrea Hamilton has filed a proposed class action against defendant 3D Idapro Solutions, LLC, for nuisance, negligence, and gross negligence. Hamilton alleges that 3D Idapro operates "an industrial food processing and deydration plant where it dehydrates potatoes and other vegetables to produce food and pet food ingredi[e]nts, organic fert[i]lizers and blended products." Dkt. 1, ¶ 6. She says that the plant is releasing "noxious" odors that have invaded her home and the homes of other proposed class members.

3D Idapro has filed a motion to dismiss for failure to state a claim upon which relief may be granted, or, in the alternative for a more definite statement. Dkt. 16. But most of 3D Idapro's arguments rest either on a misreading of the complaint or on a misapplication of federal pleading standards. Hamilton's allegations related to both nuisance and negligence are sufficient to both provide fair notice to 3D Idapro and state a plausible claim. Because that is all Hamilton was required to do, the court will deny 3D Idapro's motion to dismiss as to Hamilton's claims for negligence and nuisance. The court will grant the motion as to Hamilton's claim for gross negligence because Hamilton failed to respond to 3D Idapro's argument that Wisconsin does not recognize such a claim.

ANALYSIS

**A. Jurisdiction**

The court asked Hamilton to file supplemental materials showing that the court can exercise jurisdiction under 28 U.S.C. § 1332(d)(2)(A), which applies to proposed class actions arising under state law. Section 1332(d)(2)(A) requires a showing that the amount in controversy is more than $5,000,000 and that at least one class member and one defendant are citizens of different states. Dkt. 24. Although it was reasonable to infer from the complaint that the amount in controversy of Hamilton's proposed class action was more than $5,000,000, Hamilton did not include allegations showing that any of the class members and 3D Idapro were citizens of different states. *Id.* at 2.

In response to the court's request, Hamilton has submitted a proposed amended complaint that includes additional information about the parties' citizenship. Dkt. 25-1. The court agrees with Hamilton that, in the context of a proposed class action filed under § 1332(d), the citizenship of a limited liability company such as 3D Idapro is determined by "the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). In this case, Hamilton alleges that 3D Idapro is a citizen of Missouri because its principal place of business is in Missouri and because it is organized under Missouri law. Dkt. 25-1, ¶¶ 3–4.

An individual like Hamilton is a citizen of the state where she intends to remain indefinitely. *Myrick v. WellPoint, Inc.*, 764 F.3d 662, 664 (7th Cir. 2014). Hamilton alleges that she is a citizen of Wisconsin because she resides and intends to remain here. *Id.*, ¶ 2.

Because Hamilton alleges that she and 3D Idapro are citizens of different states, the court concludes that she has adequately shown at the pleading stage that the court may exercise

jurisdiction under § 1332(d). The court will accept the amended complaint as the operative pleading in the case. Although the general rule is that an amended complaint moots any motion to dismiss that is pending when the new complaint is filed, *Aqua Fin., Inc. v. Harvest King, Inc.*, No. 07-cv-15, 2007 WL 5404939, at *1 (W.D. Wis. Mar. 12, 2007), Hamilton does not identify any new allegations in her amended complaint that would affect 3D Idapro's motion to dismiss. For the sake of efficiency, the court will consider the motion without requiring 3D Idapro to refile it.

## B. Merits

Hamilton includes three claims in her complaint: nuisance, negligence, and gross negligence. Both sides assume that Wisconsin law governs Hamilton's claims, so the court will do the same. *RLI Insurance Company v. Conseco, Inc.*, 543 F.3d 384, 390 (7th Cir. 2008) ("When neither party raises a conflict of law issue in a diversity case, the applicable law is that of the state in which the federal court sits.").

3D Idapro seeks dismissal of each of Hamilton's claims. Alternatively, it asks the court to strike Hamilton's request for punitive damages and to require Hamilton to provide a more definite statement under Federal Rule of Procedure 12(e). The court will consider each contention in turn.

### 1. Motion to dismiss

Hamilton does not respond to 3D Idapro's contention that Wisconsin does not recognize a cause of action for gross negligence, so the court will grant 3D Idapro's motion as to that claim. *Heritage Farms, Inc. v. Markel Ins. Co.*, 2009 WI 27, ¶ 39, 316 Wis. 2d 47, 70, 762 N.W.2d 652, 664 ("The concept of 'gross negligence,' however was abolished by this court

in 1962."). *See also Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver.").

As for Hamilton's nuisance and negligence claims, 3D Idapro's contention is that Hamilton did not plead enough facts to satisfy the requirements of Federal Rule of Civil Procedure 8 and cases such as *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).[1] The Court of Appeals for the Seventh Circuit has summarized Rule 8, *Twombly*, and *Iqbal* as imposing two requirements: (1) the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests; and (2) the complaint must plausibly suggest that the plaintiff has a right to relief above a speculative level. *Bravo v. Midland Credit Mgmt., Inc.*, 812 F.3d 599, 601–02 (7th Cir. 2016). Stated another way, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). The court will consider whether Hamilton's complaint meets that standard as to both her negligence and nuisance claims.

a. **Negligence**

A negligence claim has four elements: (1) a duty of care on the part of the defendant; (2) a breach of that duty; (3) a causal connection between the conduct and the injury; and (4) an actual loss or damage as a result of the injury. *Martindale v. Ripp,* 2001 WI 113, ¶ 33, 246 Wis. 2d 67, 89, 629 N.W.2d 698, 707. In this case, Hamilton alleges that 3D Idapro acted negligently by "fail[ing] to install and maintain adequate technology to properly control its

---

[1] "[A] federal court sitting in diversity applies federal pleading requirements even when the claim pleaded arises under state rather than federal law." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 670 (7th Cir. 2008) (internal quotations omitted).

4

emissions of noxious odors." Dkt. 1, ¶ 16. Specifically, Hamilton, says that 3D Idapro could have prevented or reduced the odors by using an odor scrubber. *Id.* As a result of the failure, Hamilton alleges that her property "on occasions too numerous to mention, was invaded by noxious odors" coming from the 3D Idapro facility. *Id.*, ¶ 39. Those allegations are sufficient to state a plausible claim for negligence and provide fair notice under Rule 8.

3D Idapro argues that Hamilton's allegations are insufficient because they do not include the following information: (1) how Hamilton knows that the odors are coming from 3D Idapro's facility; (2) when the odors were emitted; (3) what the alleged negligence is; (4) the nature of Hamilton's damages; (5) what the odors smelled like; and (6) whether she complained about the odors before filing the lawsuit. The court concludes that all of this information can be reasonably inferred from the complaint or is not required by Rule 8.

**Source of the odors.** In support of its contention that Hamilton was required to explain how she determined that the odors originated from 3D Idapro's facility, Hamilton says that "[t]here are numerous sources of potentially 'noxious odors' within a 1.5-mile radius of 3D Idapro, including a landfill and recycling center, a composting site, and a wholesaler of industrial chemicals." Dkt. 17, at 5. It cites a document that it says is a print out of a Google map showing the location of the different facilities, Dkt. 17-1, and it asks the court to take judicial notice of it. It then cites the following statement in *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011): "If the allegations give rise to an obvious alternative explanation, then the complaint may stop short of the line between possibility and plausibility of entitlement to relief." Because Hamilton does not explain why she believes that the odors are coming from the 3D Idapro facility rather than one of the other industrial facilities, 3D Idapro believes that Hamilton has not stated a claim.

5

Even if the court assumes that there are other potential sources of the odor, 3D Idapro is overreading *McCauley*. Neither the Supreme Court nor the court of appeals has held that a plaintiff must eliminate all other possible explanations at the pleading stage. *Twombly* and *Iqbal* impose a standard of plausibility, not probability. *Twombly*, 550 U.S. at 556 ("Asking for plausible grounds to infer [a violation of the law] does not impose a probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [a violation]."). *See also Levin v. Miller*, 763 F.3d 667, 671 (7th Cir. 2014) ("[C]omplaints [must] contain enough detail to allow courts to separate fantasy from claims worth litigating."). The principle in *McCauley* that 3D Idapro cites applies to cases that are "complicated and counterintuitive," 671 F.3d at 618–19, but Hamilton's claim is neither. Rather, it is well within the realm of plausibility for an industrial processing plant to emit a noxious odor. Moreover, it is well established that a plaintiff's "pleading burden should be commensurate with the amount of information available to" her. *Olson v. Champaign Cnty., Ill.*, 784 F.3d 1093, 1100 (7th Cir. 2015). 3D Idapro does not explain how Hamilton could eliminate all other possible sources of the odor without discovery.

Even if the court were to assume that Hamilton were required to plead allegations pointing specifically toward 3D Idapro, she did that. She alleges that residents of more than 100 other households have complained to entities such as the Wisconsin Department of Natural Resources and the City of Wisconsin Rapids about odors coming from 3D Idapro's facility, Dkt. 1, ¶¶ 10–11, 14c, and that the Wisconsin Rapids Community Development Department and the Wisconsin Rapids Ordinance Control Officers have already determined that 3D Idapro is emitting noxious odors. *Id.*, ¶ 14a–b. These allegations are sufficient to plausibly suggest that 3D Idapro rather than another source is the cause of the problem.

**When the odors were emitted.** 3D Idapro's next contention is that Hamilton failed to specify a time frame for her allegations. This omission is important, 3D Idapro says, because "Hamilton seeks to represent a putative class that is unlimited in time," "3D Idapro did not even purchase the Facility until 2016," and "after the purchase, 3D Idapro invested hundreds of thousands of dollars to improve the Facility, including additions and enhancements aimed at controlling potential odors." Dkt. 17, at 6.

The first reason cited by 3D Idapro is irrelevant to its motion. The question before the court is whether *Hamilton* states a claim upon which relief may be granted. Questions about the appropriate scope of a potential class must wait until the parties seek a determination on class certification. The other two reasons are outside the scope of the complaint, so the court may not consider them in the context of a motion to dismiss. *Edgenet, Inc. v. Home Depot U.S.A., Inc.*, 658 F.3d 662, 665 (7th Cir. 2011). But even if the court assumes that 3D Idapro cannot be sued for harm that occurred before 2016, Hamilton alleges that the odors have continued to the present, Dkt. 1, ¶¶ 7–8, so the timing of the odors is not a ground for dismissing the complaint.

**Negligent acts.** 3D Idapro says that Hamilton "neglects to identify actions that 3D Idapro unreasonably failed to take, such as employing a particular technology or using an alternative manufacturing process." Dkt. 17, at 9. The court of appeals has rejected the view that a plaintiff must identify a particular defect to state a negligence claim because the plaintiff may not be able to determine the nature of the problem without discovery. *Bausch v. Stryker Corp.*, 630 F.3d 546, 560 (7th Cir. 2010). Regardless, Hamilton *has* identified a defect. She alleges that 3D Idapro acted negligently by failing to use or maintain an odor scrubber. Dkt. 1, ¶ 16. Although 3D Idapro acknowledges this, it says that Hamilton's allegations are inadequate

because they are "untethered to a particular odor or time period." *Id.* But it is not clear what 3D Idapro means by that. Again, it is reasonable to infer from the complaint that the "particular odor" is the one coming from 3D Idapro's plant and that the time period is *now*.

**Harm.** The complaint does not include detailed allegations about the type of harm Hamilton suffered. Hamilton alleges generally that she suffered "injuries and damages to [her] property." *Id.*, ¶ 32. But "a district court [may not] demand that complaints contain all legal elements (or factors) plus facts corresponding to each." *Rowlands v. United Parcel Serv. - Fort Wayne*, 901 F.3d 792, 800 (7th Cir. 2018). Rather, a court must draw all reasonable inferences in favor of the plaintiff. *Squires-Cannon v. Forest Pres. Dist. of Cook Cty.*, 897 F.3d 797, 802 (7th Cir. 2018). It is reasonable to infer that a persistent, noxious odor would both cause the property owner emotional distress and diminish the value of the property. *See Costas v. City of Fond du Lac*, 24 Wis. 2d 409, 414–15, 129 N.W.2d 217, 220 (1964) (affirming judgment on tort claim in favor of business owner near sewage plant despite lack of evidence that owner had lost money on the business in light of other evidence that "[t]he odors have made life extremely annoying and unbearable to people subjected to them"). So the absence of more specific allegations about harm is not fatal to Hamilton's claim.

**Description of odors and complaints about them.** The last two omitted facts are not required by Rule 8. The court sees no reason why Hamilton needs to describe the odors in a way that is more specific than "noxious." 3D Idapro neither cites any authority requiring more specificity nor explains why more detail is needed to provide fair notice. And the question whether Hamilton complained about the odors before filing the lawsuit is simply irrelevant because it has nothing to do with the elements of a negligence claim. 3D Idapro does not contend that either of Hamilton's claims included an administrative exhaustion requirement

8

or that, if they did, Hamilton was required to affirmatively allege that she exhausted any administrative remedies that she had.

### b. Nuisance

Wisconsin law recognizes both private and public nuisances, *Milwaukee Metro. Sewerage Dist. v. City of Milwaukee*, 2005 WI 8, ¶ 27, 277 Wis. 2d 635, 657, 691 N.W.2d 658, 669, but the court understands Hamilton to be relying solely on a private nuisance theory. 3D Idapro states in its opening brief that "the Complaint appears to allege a claim of private nuisance," Dkt. 17, at 6, and Hamilton does not dispute that statement in her opposition brief. In any event, both sides limit their arguments to a private nuisance theory, so the court will do the same.

A private nuisance is defined generally as "a nontrespassory invasion of another's interest in the private use and enjoyment of land." *Bostco LLC v. Milwaukee Metro. Sewerage Dist.*, 2013 WI 78, ¶ 30, 350 Wis. 2d 554, 575, 835 N.W.2d 160, 171 (internal quotations omitted). The invasion is actionable if it is either: (1) intentional and unreasonable; or (2) unintentional and "otherwise actionable under the rules controlling liability for negligent or reckless conduct, or for abnormally dangerous conditions or activities." *Id.* at ¶ 31. The parties do not discuss which type of invasion is alleged in this case. Rather, 3D Idapro says that Hamilton has not adequately alleged an interference with the use and enjoyment of her property, so the court will limit its analysis to that issue.

3D Idapro's contention does not require extensive discussion. "[I]nvasions of noxious odors can rise to the level of a nuisance," *id.*, so Hamilton's allegation that noxious odors invaded her home on "numerous" occasions and continue to invade her home is sufficient to

state a claim. The precise extent of the alleged harm to Hamilton is an issue that can be developed during discovery and resolved at summary judgment or trial.

### c. Conclusion

3D Idapro complains generally that Hamilton failed to allege "the who, what, when, where, why, and how" of 3D Idapro's conduct, but that contention simply reveals the fundamental problem with 3D Idapro's motion. The standard 3D Idapro cites applies to the heightened pleading requirements of Rule 9(b), which governs fraud claims, not to Rule 8, which governs Hamilton's claims. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018) ("Under Rule 9(b), a plaintiff alleging fraud or mistake must state with particularity the circumstances constituting fraud or mistake. The plaintiff must describe the 'who, what, when, where, and how' of the fraud—the first paragraph of any newspaper story.") (internal quotations, citations, and alterations omitted).

Hamilton has alleged enough facts to raise her claims above the level of speculation, so she has provided all the information that is required under Rule 8 to state a claim for negligence and nuisance. The court will deny 3D Idapro's motion to dismiss as to these claims.

### 2. Punitive damages

The parties agree that Hamilton may recover punitive damages in this case if she shows that 3D Idapro "acted maliciously toward the plaintiff or in an intentional disregard of the rights of the plaintiff." Wis. Stat. § 895.043(3). 3D Idapro contends that Hamilton's allegations do not meet that standard.

As an initial matter, it is an open question in this circuit whether a party even needs to plead punitive damages in her complaint. In *Soltys v. Costello*, 520 F.3d 737, 742 (7th Cir. 2008), the court stated that "Rule 54(c) contemplates an award of punitive damages if the

party deserves such relief—whether or not a claim for punitive damages appears in the complaint." This suggests that it is premature to determine the issue of punitive damages at the pleading stage.

Regardless, Hamilton alleges that the odors have continued despite numerous complaints by residents and notices by multiple public entities. It is plausible to infer from those allegations that 3D Idapro acted with intentional disregard of Hamilton's rights.

### 3. Motion for more definite statement

A party may move for a more definite statement under Rule 12(e) if a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 849 (7th Cir. 2017) (internal quotations omitted). But "Rule 12(e) cannot be used to turn federal civil procedure into a fact-pleading or code-pleading system." *Id.*

In this case, 3D Idapro says that it needs more information so that it can "determine whether it even owned or operated the Facility when Hamilton smelled the odor, whether its facility generated the odor Hamilton smelled, or whether Hamilton's alleged harm is even actionable." Dkt. 17, at 13. But the court has already concluded that Hamilton has adequately alleged that the odors are invading her home now, that the odors are coming from 3D Idapro's facility, and that she suffered sufficient harm. Any additional information can be obtained in discovery.

ORDER

IT IS ORDERED that

1. Defendant 3D Idapro Solutions, LLC's motion to dismiss or, in the alternative, for a more definite statement, Dkt. 16, is GRANTED as to plaintiff Andrea Hamilton's claim for gross negligence and that claim is DISMISSED. The motion is DENIED as to Hamilton's claims for negligence and nuisance.

2. Hamilton's proposed amended complaint, Dkt. 25-1, is ACCEPTED as the operative pleading.

Entered October 29, 2018.

                                                BY THE COURT:
                                                /s/

                                                _____
                                                JAMES D. PETERSON
                                                District Judge