# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| ANDREA HAMILTON, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 3:18-cv-0054-jdp |
| v. | ) ) | |
| 3D IDAPRO SOLUTIONS, LLC, | ) ) | |
| Defendant. | ) ) | |

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Agreement") is entered into by and between Plaintiff ANDREA HAMILTON ("Plaintiff"), individually and on behalf of the proposed Class defined herein, on the one hand, and Defendant 3D IDAPRO SOLUTIONS, LLC (now known as LinkOne Potato Solutions, LLC) ("Defendant"), on the other hand. This Agreement is intended to fully, finally, and forever resolve, discharge and settle the claims and defenses with respect to Plaintiff and the Class in *Hamilton v. 3D Idapro Solutions, LLC*, Case number 3:18-cv-0054-jdp (W.D. Wis.) (the "Action"), with prejudice, upon and subject to the terms and conditions of this Agreement, and subject to final approval of the Court as set forth below. In this Agreement, Plaintiff and Defendant may be referred to individually as a "Party" or collectively as "Parties."

### Background

1.    On January 24, 2018, Plaintiff, individually and on behalf of a proposed class of "all others similarly situated," filed a Class Action Complaint and Jury Demand against 3D Idapro Solutions, LLC in the United States District Court for the Western District of Wisconsin, Case number 3:18-cv-0054-jdp (the "Action").

2.    In the Action, Plaintiff alleges damages arising from Defendant's operation of its'

food dehydration and processing facility located at 2721 Industrial Street, Wisconsin Rapids, WI 54495 ("Facility").

3. Plaintiff also alleges, among other things, that "Plaintiff's property has been and continues to be physically invaded by noxious odors[]" (Compl. at ¶ 7), and that "[t]he noxious odors which entered Plaintiff's property originated from the facility, where they are generated as a result of Defendant's manufacturing process." (*Id.* at ¶ 8).

4. Plaintiff asserts claim against Defendant for nuisance, negligence, and gross negligence, and seeks compensatory damages, punitive damages, attorneys' fees, costs, and other relief.

5. Plaintiff's proposed class includes all persons within a defined geographic area as set out in ¶ 17 of Plaintiff's Complaint and more particularly defined herein as the Class Area.

6. Defendant filed a motion to dismiss claiming that the complaint failed to allege sufficient facts to state a claim upon which relief may be granted. The Court granted Defendant's motion to dismiss Plaintiff's gross negligence claim, but refused to dismiss Plaintiff's claims for nuisance and negligence. Plaintiff later filed an Amended Complaint (Dkt. 29).

7. The Parties have conducted discovery in this matter, including multiple depositions, the production and analysis of voluminous documents, and responding to interrogatories, and initial disclosures. Both Parties provided the testimony of experts whose written reports were submitted to the Court in support of the grant or denial of Plaintiff's Motion for Class Certification. Both Parties' experts were also produced for their depositions and were the subject of competing Daubert challenges.

8. The Parties engaged in settlement discussions at various stages of this litigation through their respective counsel, including a request that the Court stay all pending orders during

settlement negotiation. The Court ultimately issued an Opinion and Order Denying Plaintiff's Motion for Class Certification without prejudice and afforded Plaintiff the ability to submit a renewed Motion for Class Certification. The Parties continued their settlement discussions following the issuance of the Order and ultimately agreed to the terms upon which this action will be settled (pending Court approval) as reflected below.

## 1. The Settlement And Denial Of Wrongdoing

1.1 Plaintiff, individually and on behalf of the Class Members, voluntarily and with full knowledge of her rights and with the benefit and advice of Class Counsel, now desires to settle, compromise, and dismiss the Action and all claims the Plaintiff and Class Members have or might have had against Defendant arising from its operations at the Facility with prejudice and to release Defendant upon the terms and conditions set forth below.

Based upon their discovery, investigation, and evaluation of the facts and law relating to the matters alleged in the Action, Plaintiff and Class Counsel represent that they have agreed to settle the Action, pursuant to the terms of this Agreement, after considering such factors as: (i) the substantial benefits to Plaintiff and the Class under the terms of this Agreement; (ii) the uncertainty of being able to prove the allegations in the Action; (iii) the uncertainty of being able to overcome Defendant's defenses thereto, including, but not limited to, defenses based on: statutes of limitations; lack of damages; failure to meet class certification standards; laches; causation; waiver; the alleged conduct being in substantial compliance with applicable environmental laws; failure to mitigate damages; preemption; and Defendant acting in good faith; (iv) the attendant risks of litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation; (v) the difficulty of certifying a class; (vi) whether the terms and conditions of this Agreement are fair, reasonable and adequate; (vii) whether it is in the best interests of the members of the Class to settle the Action as set forth in this Agreement; and

(viii) the desirability of consummating this Agreement promptly to provide effective relief to Plaintiff and the Class without delay.

1.2     Defendant expressly denies any wrongdoing alleged in the Action and does not admit or concede any actual or potential fault or liability in connection with any facts or claims, which have been made or could have been based on the factual allegations made against it in this Action.  Defendant disputes that, absent settlement, a class would be manageable or that common issues predominate over individual ones, and further denies that a litigation class properly could be certified on the claims asserted in this Action.  However, solely for purposes of avoiding the expense and inconvenience of further litigation, Defendant does not oppose the certification of the Class for settlement purposes only.  Certification of the Class for settlement purposes shall not be deemed a concession that certification of a litigation class is appropriate, nor would Defendant be precluded from challenging class certification in further proceedings in this Action or in any other action if the Agreement is not finalized or finally approved.  If the Agreement is not finally approved by the Court for any reason whatsoever, certification of the Class is voidable by either Party.  In such event, no doctrine of waiver, estoppel or preclusion will be asserted in any litigated certification proceedings in this Action.  No agreements made by or entered into by Defendant in connection with the Agreement may be used by Plaintiff, any person in the Class, or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in this Action or any other judicial proceeding.

Defendant is entering into this Agreement to avoid the expense, time, and risk associated with the continued defense of the Action through additional dispositive motions, class certification, trial, and any subsequent appeals.  Defendant also has considered the uncertainty, difficulty, and delays inherent in litigation, especially in this complex class action.  Therefore, Defendant believes

it is desirable that this Action and the Released Claims be fully and finally compromised, settled, dismissed with prejudice, and barred pursuant to the terms set forth herein. Neither the fact of Settlement, this Agreement, nor any consideration thereof, nor any actions taken to implement the terms of this Agreement are intended to be, nor may they be, deemed or construed to be an admission or concession of liability or of the validity of any claim or of any point of law or fact based upon, arising out of, relating to, or otherwise in connection with the allegations asserted or that could have been asserted in this Action, and shall not be deemed or construed to be an admission or evidence for any purpose whatsoever.

1.3    For all the reasons set forth in Section 1, the Parties believe it is appropriate for the Court to certify the Class for settlement purposes only, based upon the unique facts of this case and specific terms outlined in this Agreement.

## 2.    **Definitions**

As used in this Agreement and the attached exhibits (which are an integral part of this Agreement and are incorporated in their entirety by this reference), the following terms have the following meanings, unless a part or subpart of this Agreement or its exhibits provides otherwise:

2.1    "**Action**" means the lawsuit, including as amended, styled *Andrea Hamilton, individually and on behalf of all others similarly situated, v. 3D Idapro Solutions, LLC*, Case No. 18-cv-54-jdp, pending in the United States District Court for the Western District of Wisconsin, including pleadings, briefs, motions and discovery materials in the Action.

2.2    "**Administrator**" means Class Counsel or any third party agent whom Class Counsel may retain to help implement the terms of the Agreement, subject to Court approval.

2.3    "**Claim Form**" means the document each Class Member must complete and return to Class Counsel in order to participate in the Settlement. The Claim Form to be submitted to the Court for approval is attached hereto as **Exhibit 5** to this Agreement. The Administrator will send

Claim Form by First Class U.S. Mail, postage pre-paid, to every known or reasonably ascertainable address in the Class Area in a form and method approved by the Court.

2.4 **"Class" "Class Member"** and **"Class Members"** shall mean as follows: (a) all persons who submitted a *data sheet* to Class Counsel prior to October 31, 2019; and (b) all renters and owners who are occupants of residential property that reside within one and a half (1.5) miles of the Facility's property boundary [a map defining the "Class Area" is attached hereto as **Exhibit 2**]. Each Class Member must execute and return a Claim Form to Class Counsel or its designee in order to receive compensation as a Class Member, but any Class Member who fails to affirmatively and timely opt out is in all other respects bound to the terms of this Agreement, including the Release of Claims against the Released Parties.

Each person in the Class shall be referred to in the singular as a "Class Member" and in the plural as "Class Members."

2.5 **"Settlement Class Member"** or **"Settlement Class Members"** means those persons who are members of the Class, as set forth in the definition in Section 2.4, and who do not timely and validly request exclusion from the Settlement.

2.6 **"Class Counsel"** means the law firm of Liddle & Dubin, P.C.

2.7 **"Class Notice"** means the notice to be provided to Class Members pursuant to Section 4 of this Agreement. The Class Notice to be presented to the Court for approval is attached as **Exhibit 4** to this Agreement.

2.8 **"Class Period"** means the time period beginning with the date the complaint was filed, January 24, 2018, and dating back to the last date on which an accrued claim could have been raised under the applicable statute of limitations, which is six years pursuant to Wis. Stat.

§ 893.52(1), which is January 24, 2012. The Class Period will continue thereafter until the "Final Settlement Date" defined below at section 2.17.

2.9 **"Complaint"** means the operative Amended Class Action Complaint and Jury Demand (Dkt. 29) filed by Plaintiff against the Defendant in the Action.

2.10 **"Data Sheet"** means the questionnaire sent by Class Counsel to prospective members of the Class.

2.11 **"Released Parties"** means 3D Idapro Solutions, LLC (now known as LinkOne Potato Solutions, LLC), and each and all of their past or present direct and beneficial owners, stockholders, members, officers, directors, employees, representatives, attorneys, insurers, subsidiaries, intermediate or ultimate parent companies, affiliated entities (including any entity which controls, is controlled by, or is under common control with any person or entity listed in this Section 2.11), related companies, divisions, assigns, predecessors and successor entities (and the directors, officers, employees, representatives and attorneys of such parent companies, divisions, subsidiaries, assigns, affiliates, predecessor and successor entities), and all persons acting by, through, on behalf of, under or in concert with any of them.

2.12 **"Defendant's Counsel"** means the law firm of Foley & Lardner LLP.

2.13 **"3D Idapro Facility"** or **"the Facility"** means the food dehydration and processing facility located at 2721 Industrial Street, Wisconsin Rapids, WI 54495.

2.14 **"Escrow Fund"** or **"Escrow Account"** means the bank account that will be established by Class Counsel and designated as the "3D Idapro Wisconsin Rapids Settlement Account." This account shall serve as the depository for the Settlement Funds and shall be the source for payment of the Settlement Funds as directed and approved by the Court. Any interest

accrued on the Settlement Funds shall be part of the Settlement Funds paid for the benefit of the Class.

2.15     **"Fairness Hearing"** means the hearing(s) at or after which the Court will make a final decision whether to approve this Agreement as fair, reasonable, and adequate.

2.16     **"Final Judgment"** means the stipulated final judgment, which will be entered by the Court in the form attached as **Exhibit 7** to this Agreement without any modification that would prejudice the rights or that is otherwise objectionable to any of the Parties as any of them may determine in their sole discretion, and which is final and not subject to appeal or, if appealed, has been affirmed on appeal and is not subject to further appeal or modification.

2.17     **"Final Settlement Date"** means:

a.     if no appeal has been taken from the Final Judgment, Final Settlement Date is the first date on which the time to appeal therefrom has expired without any appeal being taken therefrom; or

b.     if any appeal has been taken from the Final Judgment, Final Settlement Date is the date on which all appeals therefrom, including petitions for rehearing or re-argument, petitions for rehearing *en banc*, and petitions for *certiorari* or any other form of review, have been finally disposed of in a manner that affirms the Final Judgment without any modification that would prejudice the rights or is otherwise objectionable to any of the Parties as any of them may determine in their sole discretion.

2.18     **"Household"** shall mean all the persons who occupy a Housing Unit.

2.19     **"Housing Unit"** shall mean a house, an apartment, a mobile home, a group of rooms, or a single room that is occupied (or if vacant, is intended for occupancy) as separate living quarters. Separate living quarters are those in which the occupants live and eat separately from

any other persons in the building and which have direct access from the outside of the building or through a common hall. The occupants may be a single family, one person living alone, two or more families living together, or any other group of related or unrelated persons who share living arrangements.

2.20 **"Notice Date"** means fourteen (14) days after the Court's entry of the Preliminary Approval Order.

2.21 **"Opt-Out"** means the submission by a Class Member of a timely and valid notice of his/her/its request for exclusion from the Class in the form and within the time set forth in the Class Notice.

2.22 **"Opt-Out Period"** means a period of thirty (30) days following the Notice Date during which Class Members may exercise their right to Opt-Out.

2.23 **"Person"** means a single individual or entity and, without limiting the generality of the foregoing, includes, joint owners, associations, societies, fraternal organizations, companies, partnerships, joint ventures and/or corporations.

2.24 **"Preliminary Approval Order"** means the order to be entered by the Court preliminarily approving this Agreement, Class Notice and setting the date for the Fairness Hearing. The Preliminary Approval Order to be presented to the Court for approval is attached hereto as **Exhibit 6** to this Agreement.

2.25 **"Released Claims"** means any and all known or unknown claims seeking damages or relief of any kind (including equitable relief; compensatory damages; punitive or exemplary damages) for property damage based on negligence or nuisance arising from or relating to alleged emissions of noxious (or other) odors, pollution, pollutants, debris, air contaminants that were or could have been asserted in the Action, during the Class Period. The Released Claims do not

include claims for personal injuries or illnesses resulting from any medically diagnosed condition, other than temporary physical discomfort, allegedly caused by exposure to or inhalation of emissions from the 3D Idapro Facility. Each Settlement Class Member shall warrant and represent to the Defendant that, as of the date of this Agreement: (1) he or she has not been diagnosed with any disease or physical injury which may have been caused by the action or inaction of any of the Defendant and (2) he or she has not received benefits under Medicare or any other governmental program for any sickness, disease or injury related to the 3D Idapro Facility.

2.26 **"Settlement"** means the resolution of the Action by amicable agreement of the Parties on the terms and conditions provided in this Agreement.

2.27 **"Settlement Funds"** means the $725,000 in cash the Defendant will pay to settle this matter as set out in Section 3 below. Under no circumstances whatsoever will Defendant's total obligation under this Agreement or will the Settlement Funds exceed $725,000. All attorneys' fees paid to Class Counsel, all costs of issuing the Class Notice and administering the Settlement, and all other costs or fees incurred by Class Counsel or Class Counsel's agents or designees will be paid from the Settlement Funds and shall not be paid by Defendant.

2.28 All other capitalized terms used in this Agreement shall have the meaning ascribed to them herein.

### 3. Mechanics of the Settlement

3.1 Plaintiff will propose and recommend a Class be certified for Settlement purposes only and Defendant agrees solely for implementation of Settlement based on the unique facts of this case that the Action proceed as a class action under Wisconsin law and the Federal Rules of Civil Procedure.

3.2 If the Court does not approve this Agreement or if a Final Judgment is not approved for any reason, the Parties agree that Defendant expressly retains: (i) all rights to object

to the maintenance of the Action as a class action and (ii) all defenses previously asserted in its Answer to Plaintiff's operative Complaint.

3.3     Defendant will: (i) pay the sum of $725,000 in cash (the "Settlement Funds"), the payment of which shall be sufficient, adequate, full and final consideration under this Agreement.

3.4     Defendant will pay the Settlement Funds set forth in 3.3(i) into the Escrow Account within ten (10) business days after the Final Settlement Date.

3.5     The Settlement Funds shall be distributed and administered only as provided in this Agreement.  No person or entity participating in administration or distribution of the funds shall be liable for any acts or omissions in connection with that participation, except for gross negligence, willful misconduct, or breach of fiduciary duty (to the extent that any fiduciary duty exists).

3.6     Other than complying with Sections 3.3 and 3.4 above, Defendant shall bear no responsibility whatsoever for the administration or distribution of the Settlement Funds or for providing Class Notice or any other notice of any kind to the Plaintiff or Class Members regarding this Settlement or Agreement or any actions contemplated herein.

3.7     All costs and expenses related to the preparation and dissemination of Class Notice shall be paid from the Settlement Funds as determined by the Administrator subject to Court approval.  These expenses may be advanced by Class Counsel, subject to reimbursement from the Settlement Funds.

3.8     Settlement Class Members shall release the Released Parties and are permanently enjoined from future action as set forth in Sections 6 and 7 below.

## 4.     Notice to the Class, Fairness Hearing

4.1     Promptly after execution of this Agreement, Class Counsel and Defendant's Counsel shall jointly move the Court for preliminary approval of the Settlement and this

Agreement and, in support thereof, will file this Agreement together with its exhibits, including the proposed Class Notice, Final Judgment and Preliminary Approval Order. This motion will seek, *inter alia*, preliminary approval of the Settlement approval of the proposed Class Notice (which shall include the general terms of this Agreement and the date of the Fairness Hearing), and the time and method for sending the Class Notice (fourteen (14) days after the Court issues its Preliminary Approval Order). Written Notice shall be given to the Class and shall be in the form attached hereto as **Exhibit 4** and shall be provided by Class Counsel to each of the persons listed on **Exhibit 3** and/or any Household shown on **Exhibit 2**. Defendant has no responsibility whatsoever to notify any Class Member of the Settlement or to otherwise have any role in providing Class Notice.

4.2     The Parties will request that the entire claims process described herein be completed within forty-five (45) days after the Preliminary Approval Order is entered by the Court. Specifically, Class Members who have chosen not to Opt-Out will have 30 days from the Notice Date to file a Claim with Class Counsel. Class Members electing to Opt-Out must, no later than thirty (30) days following the Notice Date, submit to the Administrator and to Class Counsel a signed and written request for exclusion from the Class.

4.3     Plaintiff's Class Counsel shall be responsible for: 1) reviewing all Claim Forms; 2) determining in accordance with the terms and conditions of the Agreement the extent, if any, to which each claim shall be allowed; 3) determining whether a claim by a Class Member is complete and timely; 4) providing any Class Member who has timely submitted a Claim Form that is not deemed to be in accordance with the terms and conditions of the Agreement written notice to cure such deficiency within 15 days; 5) calculating the approved claim amount for each Class Member and 6) provide written notification of the approved claim amount to each Class Member that

submitted a Claim Form. Plaintiff's Class Counsel shall use all reasonable efforts and means to identify and reject duplicate and/or fraudulent claims.

4.4     Claim Forms that do not meet the requirements set forth in this Agreement and in the Claim Form instructions shall be rejected. Where a good faith basis exists, Plaintiff's Class Counsel shall reject a Class Member's Claim Form for, among other reasons, the following:

a)     The Class Member failed to provide adequate support of their claim pursuant to a request of Plaintiff's Class Counsel;
b)     The Class Member seeks damages that are not covered by the terms of the Agreement;
c)     Failure to fully complete and/or sign the Claim Form;
d)     Illegible Claim Form;
e)     More than one Claim Form is submitted by persons who reside in the same Household;
f)     The Claim Form is fraudulent;
g)     The Claim Form is duplicative of another Claim Form;
h)     The person submitting the Claim Form is not a Class Member;
i)     The person submitting the Claim Form is requesting that funds be paid to a person or entity that is not the Class Member for whom the Claim Form is submitted;
j)     Failure to submit a Claim Form by the end of the Claim Period;
k)     The claim was previously settled by Defendant; and/or
l)     The Claim Form otherwise does not meet the requirements of this Agreement.

4.5     Plaintiff's Class Counsel shall determine the approved claim amount for a Class Member who has submitted a Claim Form based upon the information contained in a Class Member's Claim Form and the proof of damage documentation that was attached to the Class Member's Claim Form. At the Fairness Hearing, Class Counsel will request that the Court approve its reasonable fees and costs as set forth in Section 9 of this Agreement.

## 5.     No Tax Liability

No opinion concerning the tax consequences of the Settlement have been given or will be given by Defendant, Defendant' Counsel, Plaintiff or Class Counsel to Plaintiff or any Class Member, nor are any representations in this regard made or any warranties made by virtue of this

Agreement. The Class Notice shall direct Class Members to consult their own tax advisors regarding any federal, state, local or other tax consequences of the Settlement. Plaintiff and each Class Member's tax obligations (including assessments, penalties, interest or payments that arise or may arise as a result of the Settlement, and the determination thereof) are the sole responsibility of the Plaintiff and each Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each Class Member.

## 6. Release And Waiver

6.1 Upon entry of the Final Judgment, Plaintiff and each Settlement Class Member agree that they have, and by operation of the Final Judgment shall be deemed to have fully, finally, and forever compromised, released, resolved, waived, relinquished, discharged and settled all of the Released Claims against the Released Parties.

6.2 The release and covenant not to sue shall be effective and binding on Plaintiff, and each Settlement Class Member upon entry of the Final Judgment without any further action of the Parties required.

## 7. Permanent Injunction—Plaintiff

The Final Judgment shall, among other things, provide that Plaintiff and each Class Member—excluding those who elect to opt-out and comply with the opt-out procedures described herein—are forever barred and permanently enjoined from commencing, instituting, prosecuting, intervening in, participating in or receiving any benefit or other relief from any action or other adversary proceeding of any kind in any jurisdiction, in any court of law or equity, arbitration, lawsuit, or administrative forum, directly or representatively, against the Released Parties, with respect to any, some or all of the Released Claims, or relating in any fashion to the Action or the facts and circumstances relating thereto, and bar and enjoin Plaintiff and each Class Member from filing, commencing, or prosecuting in any jurisdiction, in any court of law or equity, arbitration or

administrative forum any action or adversarial proceeding of any kind on behalf of Plaintiff or any Class Member with respect to any, some or all Released Claims or relating to in any fashion the Action or the facts and circumstances relating thereto. This Section 7 applies to any and all claims that could have been brought by Class Members in the Action during the Class Period, excluding personal injuries or illnesses resulting from any medically diagnosed condition.

## 8.     Limitation On Use Of This Agreement

8.1     Under no circumstances shall this Agreement or drafts thereof, whether or not executed or consummated, nor any of its terms and provisions or exhibits, nor any of the negotiations or proceedings connected with it, be:

    a)     Construed as an admission of any sort whatsoever, either by Defendant or Plaintiff, relating to any issue, fact, claim or defense in the Action;

    b)     Offered or received into evidence (i) in the Action if this Settlement or Agreement is terminated or not approved to Final Judgment or (ii) in any other action or proceeding of any nature, including administrative or regulatory proceedings, or any purpose whatsoever; except (a) to the extent necessary to respond to or defend against any claim arising from any alleged act or omission that was or could have been raised in the Action; (b) in order to give effect to the terms and conditions of the Agreement, including, but not limited to the releases, waivers and covenants set forth herein, or (c) with respect to Settlement Fund payment allocation obligations between the Defendant; or

    c)     Afforded res judicata, issue preclusion or collateral estoppel effect as to any factual or legal issue.

## 9.     Payment To Plaintiff And Class Counsel's Attorneys' Fees and Costs

9.1     At the Fairness Hearing, Class Counsel will seek the Court's approval of an award of reasonable attorneys' fees, expenses and costs to be deducted by Class Counsel from the Settlement Funds. Defendant will take no position as to Class Counsel's motion or application for an award of reasonable attorneys' fees, expenses and costs.

9.2     Plaintiff may also seek compensation as a class representative to be paid from the Settlement Funds at the Fairness Hearing. Defendant will take no position as to Plaintiff's motion or application for an award of compensation as a class representative.

9.3     Plaintiff will deduct from the Settlement Funds the following expenses reasonably incurred after the execution of this Agreement: any publication, printing, postage, or mailing costs of the Class Notice; fees and disbursements approved by the Court to the Administrator (if any); and any other third-party contractors engaged by Plaintiff; and the amount of reasonable attorneys' fees and costs determined by the Court.

9.4     Defendant shall not be liable or obligated to pay any attorneys' fees, expenses, costs, or disbursements, or incur any expense on behalf of any person, either directly or indirectly, in connection with this Action or this Agreement, other than solely to pay the Settlement Funds specified herein.

### 10.     Settlement Fund Distribution

10.1     The Settlement Fund shall be distributed as follows:

A.     *Notice and Administration*: To pay for Class Notice and administration costs as set forth herein;

B.     *Attorneys' fees and costs*: Class Counsel shall receive as and to the extent approved by the Court payment for its legal fees and reimbursement of out of pocket expenses for its efforts in the protection and the advancement of the interests of Plaintiff and the Class;

C.     *Plaintiff class representative award*: Plaintiff Andrea Hamilton, if approved by the Court, shall receive for her diligence and participation in the advancement of the interests of the Class in this litigation, a class representative award in addition to the ability to submit a Claim Form;

D.     All remaining monies from the Settlement Fund shall be divided equally, on a per Household basis, among all Settlement Class Members who timely submit a Claim Form and who, prior to the Preliminary Approval Order date, qualify as a Settlement Class Member pursuant to the terms of this Agreement.

## 11.    **Termination of This Agreement**

11.1    This Agreement shall terminate at the sole option and discretion of Plaintiff, or Defendant if: (i) the Court, or any appellate court(s), rejects, modifies or denies approval of any portion of this Agreement, the Settlement, or the Final Judgment (except to the extent there is any rejection or modification of the amount of attorneys' fees to be awarded to Class Counsel) that any Party in its sole judgment and discretion determines is material, including, without limitation, the terms of relief, the findings of the Court, the definition of the Class and/or the terms of the Released Claims; (ii) the Court, or any appellate court(s), does not enter or completely affirm, or alters or expands, any portion of the Final Judgment (except for the amount of attorneys' fees to be awarded to Class Counsel) such that any Party in its sole judgment and discretion determines is material; or (iii) at the sole discretion of Defendant, if more than ten (10) percent of Class Members opt out of the Agreement; provided, however, that Plaintiff may not terminate this Agreement because the Court, or any reviewing court, modifies or reduces the attorneys' fees awarded to Class Counsel.

11.2    A Party must exercise the option to withdraw from and terminate this Agreement, the Settlement or the Final Judgment, as set forth in this Section 11, no later than fourteen (14) business days after receiving actual notice of the event prompting the decision to terminate.

11.3    If this Agreement is terminated then:

A.    This Agreement shall be null and void and shall have no force or effect, and no Party shall be bound by any of its terms, except for this Section 11;

B.    This Agreement and all negotiations, statements and proceedings relating to it shall be without prejudice to the rights of Defendant, Plaintiff or any Class Member, all of whom shall be restored to their respective positions existing immediately before the execution of this Agreement and Plaintiff and Defendant shall proceed in all respects as if this Agreement had not

been executed and any related orders had not been entered. Accordingly, this Agreement, the Settlement and any of the Parties' discussions with respect thereto shall be null and void and without further force and effect, and shall not be used or referred to for any purpose whatsoever in the Action, in any other litigation, or for any other purpose whatsoever. The Parties agree that this Subsection 11.3B is intended in all respects to operate as though settlement negotiations, discovery during settlement negotiations, and this Agreement never existed and that all claims and defenses in the Action shall be available to the Parties to assert or defend;

C.   Defendant expressly reserves all defenses, arguments, and motions as to all claims that have been or could have been asserted in the Action, including (without limitation) the argument that the Action may not be litigated as a class action; and

D.   Plaintiff expressly reserves all motions as to, and arguments in support of, all claims that have been or could have been asserted in the Action, including (without limitation) any argument concerning class certification.

## 12.   General Matters and Reservations

12.1   By execution of this Agreement, Defendant does not intend to release any claim it has against any insurer for any payment, fee, cost or expense whatsoever hereunder, including attorneys' fees and costs.

12.2   This Agreement sets forth the entire agreement among the Parties with respect to its subject matter, and it may not be altered or modified in any manner except by written instrument executed by all Parties, and approved by the Court. The Parties expressly acknowledge that no

other agreements, arrangements, or understandings not expressed in this Agreement exist among or between them.

12.3 Whenever this Agreement requires or contemplates that one Party shall or may give notice to the other, notice shall be provided by facsimile and next-day (excluding Sunday) express delivery service as follows:

*If to Plaintiff, then to*:

Laura L. Sheets
Liddle & Dubin, P.C.
975 E. Jefferson Avenue
Detroit, MI 48207-3101
Telephone: 313-392-0015
Facsimile: 313-392-0025

*If to Defendant, then to*:

David B. Goroff
321 North Clark Street
Suite 2800
Chicago, IL 60654-5313
Telephone Number: 312.832.4500
Fax Number: 312.832.4700

12.4 The Parties agree that this Agreement is clear and unambiguous and was drafted jointly by both Class Counsel and Defendant's Counsel at arm's length, and that no parole or other evidence may be offered to explain, construe, contradict, or clarify its terms, the intent of the Parties or their counsel, or the circumstances under which this Agreement was made or executed.

12.5 The Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Agreement.

12.6 The Parties agree to cooperate fully with one another in seeking Court approval of this Agreement and to use their best efforts to consummate the terms of this Agreement. Neither Plaintiff nor Defendant shall seek to evade their good faith obligations to seek approval and

implementation of this Agreement by virtue of any rulings, orders, governmental report, or other development, whether in the Action or in any other litigation, or otherwise that might hereinafter occur and might be deemed to alter the relative strength of the Plaintiff or Defendant with respect to any claim or defense or their relative bargaining power with respect to negotiating this Agreement. Any unresolved dispute regarding the administration of this Agreement shall be decided by the Court, or by a mediator upon agreement of the Parties.

12.7    The waiver by one Party of any breach of this Agreement by another Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

12.8    This Agreement shall be construed in accordance with the laws of the State of Wisconsin.

12.9    This Agreement may be executed by the Parties in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Facsimile signatures or scanned and e-mailed signatures shall be treated as original signatures and shall be binding.

12.10    Plaintiff and Defendant agree that they will not, on behalf of themselves, or in cooperation or participation with any other person, firm, entity, corporation or governmental agency, file, re-file or in any manner voluntarily participate in any way in the prosecution of any claim, charge, grievance, complaint or action of any sort against each other before any local, state or federal court, arbitrator, administrative agency, board or tribunal concerning any matter which was or could have been raised in connection with the Action, the Complaint, or the Released Claims.

12.11   Plaintiff and the Settlement Class Members warrant that no assignment of any claim, cause of action, demand, or charge relating to claims that were or could have been made in the Action has been or will be made.

12.12   This Agreement is binding on and inures to the benefit of Plaintiff, Settlement Class Members and the Released Parties and their respective heirs, executors, administrators, successors, and assigns.

12.13   The Parties acknowledge that they have been advised by their own independently selected counsel in connection with this Agreement and enter into it solely on the basis of that advice and on the basis of their own independent investigation of the facts, laws and circumstances material to this Agreement or any provision thereof, and not in any manner or to any degree based upon any statement or omission by any other Party or its agents, representatives, or attorneys, with regard to the subject matter, basis or effect of this Agreement.

12.14   The Court shall retain continuing and exclusive jurisdiction over the Parties to this Agreement, including Plaintiff, Defendant, and all Settlement Class Members, for purposes of the administration and enforcement of this Agreement.

12.15   Each counsel or other Party executing this Settlement Agreement, any of its exhibits, or any related settlement documents on behalf of any Party hereto hereby warrants and represents that such Party has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Settlement Agreement to effectuate its terms.

THIS AGREEMENT is effective as of the __ day of _____, 2019.

**ANDREA HAMILTON, Putative Class**
**Representative**

_____

**Liddle & Dubin, P.C., Putative Class Counsel**

_____

**3D IDAPRO SOLUTIONS, LLC**
**(now known as LinkOne Potato Solutions, LLC)**

_____

By

(printed):_____

Its: _____

THIS AGREEMENT is effective as of the _3rd_ day of _January_, 20_25_

**ANDREA HAMILTON, Putative Class Representative**

_[signature: Andrea Hamilton]_

**Liddle & Dubin, P.C., Putative Class Counsel**

_[signature]_

**3D IDAPRO SOLUTIONS, LLC**
**(now known as LinkOne Potato Solutions, LLC)**

By

(printed): _____

Its: _____

THIS AGREEMENT is effective as of the 3rd day of January, 2020.

**ANDREA HAMILTON, Putative Class Representative**

_____

**Liddle & Dubin, P.C., Putative Class Counsel**

_____

**3D IDAPRO SOLUTIONS, LLC**
**(now known as LinkOne Potato Solutions, LLC)**

_____

By

(printed): Bradley E. Riley

Its: Vice President