IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANDREA HAMILTON, on behalf of herself
and all others similarly situated,

                      Plaintiff,                    OPINION and ORDER

    v.

3D IDAPRO SOLUTIONS, LLC,                    18-cv-54-jdp

                      Defendant.

---

      Pursuant to the Preliminary Approval Order, Dkt. 88, and on application for final approval of the proposed Settlement Agreement, this matter came before the Court for a Settlement Fairness Hearing on August 13, 2020.

      The Named Plaintiff, on behalf of herself and the Settlement Class Members, seeks final approval of the Settlement Agreement in its entirety, including an award of attorneys' fees and expenses to Class Counsel, incentive awards to the Named Plaintiff, and the allocation of the remaining funds to the Settlement Class Members. Defendant seeks only a determination that the aggregate consideration to the Settlement Class is a fair, reasonable, and adequate resolution of this Litigation and all Released Claims. In addition to their filings, the Parties, through their counsel, attended and participated in the Settlement Fairness Hearing.

      Pursuant to the Preliminary Approval Order, notice of the proposed settlement was given to potential Settlement Class Members, which was adequate and sufficient notice of the terms of the proposed Settlement Agreement and of the Settlement Fairness Hearing. Among other things, the notice also advised potential Settlement Class Members of the opportunity to object to the proposed Settlement Agreement or to opt out of the Settlement Class. At the

Settlement Fairness Hearing, no Settlement Class Member objected to the proposed settlement.

The Court, having read and fully considered the terms of the proposed Settlement Agreement and all related submissions, and finding that good cause has been shown:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. Except as otherwise defined herein, all initial-capitalized terms used in this Order shall have the same meaning ascribed to them in the Settlement Agreement.

2. The Court has jurisdiction over this Litigation and the Parties to the Settlement Agreement, including the Settlement Class Members.

3. In determining whether a class action settlement should be approved, the Court must consider whether it is a fair, adequate and reasonable resolution of the case.

4. After due consideration of the uncertainty about the likelihood of the Class's ultimate success on the merits; the range of the Class's possible recovery; the complexity, expense and duration of the litigation; the substance and amount of opposition to the settlement; the state of proceedings at which the settlement was achieved; and all written submissions, declarations, and arguments of counsel; and after notice and hearing, this Court finds that the settlement is fair, adequate, and reasonable.

5. It is further determined that:

(i) the Named Plaintiff and Class Counsel have adequately represented the proposed settlement class;

(ii) the proposed settlement and the terms of the Settlement Agreement were negotiated at arm's length, over a sustained period of time;

(iii) the outcome of the Litigation, if litigated through trial, is in doubt;

  (iv)  it is possible the proposed Settlement Class could receive more if the Litigation were to go through trial, but it is also quite possible that the proposed Settlement Class could receive less (including the possibility of receiving nothing) and/or that Defendant could defeat class certification;

  (v)  the value of immediate recovery outweighs the possibility of future relief which would likely occur, if at all, only after further protracted litigation and appeals;

  (vi)  the parties have in good faith determined the Settlement Agreement is in their respective best interests, including both the Named Plaintiff and Class Counsel determining that it is in the best interest of the Settlement Class Members;

  (vii)  the compensation to the Settlement Class is commensurate with the claims asserted and to be released as part of the settlement; and

  (viii)  the proposed Settlement Agreement's terms treat the Settlement Class Members equitably relative to each other and fall well within the range of settlement terms that would be considered fair, reasonable, and adequate resolution of the Litigation.

Therefore, pursuant to Rule 23(e), the terms of the Settlement Agreement dated February 27, 2020, relating to the above-captioned Litigation are hereby finally approved as fair, adequate, and reasonable as to, and in the best interest of, the Settlement Class and each of the Settlement Class Members, in light of the factual, legal, practical, and procedural considerations raised by this Litigation.[1]

---

[1] By providing the aggregate fair, reasonable, and adequate consideration to the Settlement Class as a whole, Defendant will have fulfilled its obligations under the Settlement Agreement. Class Counsel and Named Plaintiff, however, have further responsibilities including the allocation and distribution of the Settlement Fund to Class Counsel, Named Plaintiffs, and the individual Settlement Class Members. As part of the Court's determination in finally approving

6. Solely for the purpose of settlement in accordance with the Settlement Agreement, this Court hereby finally certifies the following Settlement Class:

> (a) all persons who do not affirmatively and timely opt out of this Settlement and who submitted a data sheet to Class Counsel; and (b) all owner/occupants and renters of residential property residing within one and a half (1.5) miles of the Facility's property boundary and who do not affirmatively and timely opt-out of this Settlement.

There were zero opt-outs and zero objections to the Settlement.

7. The Court hereby appoints Named Plaintiff Andrea Hamilton as representative of the Settlement Class and awards her a class representative award of $2,500. The Court further appoints Steven D. Liddle, Esq., and Laura L. Sheets, Esq. from the firm of Liddle & Dubin P.C. and Keith E. Trower, Esq. from the firm Warshafsky, Rotter, Tarnoff & Bloch, S.C. as Class Counsel and awards them their attorney fees and costs totaling $260,000.

8. Pursuant to Rule 23(e) and all applicable law, notice was properly given to the potential Settlement Class Members in accordance with the terms of the Settlement Agreement and the Preliminary Approval Order. The Class Notice, which the Court approved in the Preliminary Approval Order, was written in plain English, clear, concise and readily understandable. The Class Notice was sent by Class Counsel by mail to each reasonably identifiable residential address within the Class Area. The Class Notice and other relevant information and documents (e.g., the Class Action Complaint and Jury Demand, the Preliminary Approval Order, and the Settlement Agreement with all of its exhibits) were posted on the Liddle & Dubin, P.C. website, the address of which was identified in the Class Notice.

---

the Settlement Agreement, the Court has also considered the distribution of the Settlement Fund, Class Counsel's attorney's fees and expenses, Named Plaintiff's incentive awards, and the treatment of the Settlement Class Members relative to each other.

The Class Notice provided a mailing address, an e-mail address, a website, and a toll-free telephone number for the potential Settlement Class Members to contact if they needed or wanted additional information. The Court finds that the notification provided for and given to the Settlement Class (a) constitutes the best notice practicable under the circumstances; (b) was reasonably calculated to apprise potential Settlement Class Members of the existence of and their rights related to the Litigation and the terms and conditions of the proposed Settlement Agreement; (c) constitutes due, adequate, and sufficient notice to all persons entitled to notice; and (d) is in full compliance with all applicable requirements of Federal law, the Rules of the Court, any other applicable law, and due process requirements. As soon as this Order becomes Final, Class Counsel shall discontinue the link on its website and ensure that all information posted on it is no longer accessible.

9. Pursuant to Rule 23(e), having ruled that due and adequate notice was provided to the potential Settlement Class Members and that they were afforded an opportunity to participate in the proceedings and object to the Settlement Agreement or to exclude themselves from the settlement by opting out of the Settlement Class, it is hereby determined that each Settlement Class Member (whether or not the Settlement Class Member objected, submitted a Claim Form, or otherwise participated in the Litigation, the settlement, or the approval process) shall be bound by the terms and provisions of the Settlement Agreement and this Order and Final Judgment, including the releases and covenants not to sue set forth in the Settlement Agreement, which are hereby incorporated by reference and become part of this Order and Final Judgment.

10. Pursuant to the terms of the Settlement Agreement, Defendant shall fund the Settlement Fund, which shall be held by Class Counsel in trust in a Qualified Settlement Fund

("QSF") account under the Internal Revenue Code. Specifically, within two (2) business days of the Order and Final Judgment becoming Final, Class Counsel shall provide wiring or other payment instructions to Defendant. Defendant will pay the Settlement Funds set forth in 5.3(i) into the Escrow Account within ten (10) business days after the Final Settlement Date. Defendant shall deposit Seven Hundred and Twenty-Five Thousand Dollars ($725,000) by check or wire or electronic transfer to Liddle & Dubin, P.C., in a QSF trust account established by Class Counsel. The deposit by Defendant of that amount shall fully satisfy each and every obligation of Defendant to the Named Plaintiffs, Class Counsel, the Settlement Class, and each Settlement Class Member concerning this Litigation, the Settlement Agreement, and the Released Claims.

11. All claims against Defendant are hereby dismissed on the merits. All Released Claims are hereby released, extinguished, and forever discharged. The Named Plaintiff and all Settlement Class Members, are barred and permanently enjoined from instituting, maintaining, prosecuting, or continuing to maintain or prosecute any of the Released Claims against the Released Parties.

12. This Court hereby retains jurisdiction over all matters relating to the interpretation, effectuation, and enforcement of the Settlement Agreement. The Court retains further jurisdiction to enforce this Order and Final Judgment and the distribution of the Settlement Fund. The reservation of jurisdiction by this Court in this matter does not affect in any way the finality of this Order and Final Judgment. Upon distribution of the Settlement Fund, the dismissal of this case shall be with prejudice.

13. This Order and Final Judgment, the settlement, and all papers relating thereto are not and shall not be construed to be an admission or concession by Plaintiffs with regard

to the merits of their claims whatsoever, and shall not be offered as evidence as to the merits in this or any other proceeding.

14. There is no just reason for delay in the entry of this Order and Final Judgment as a final judgment. Furthermore, there is reason to enter and certify it as a final judgment, including without limitation that doing so will expedite any appeal, which, in turn, will shorten the time it will take for this Order and Final Judgment either (a) to become Final and non-appealable thereby expediting the distribution of the Settlement Fund to the Settlement Class Members or (b) to be overturned on appeal thereby facilitating a modified settlement or the reconvening of the Litigation. The Court expressly directs the Clerk of the Court to enter this Order and Final Judgment as a final judgment pursuant to Rule 58.

15. In the event that this Order and Final Judgment fails to become Final and non-appealable for any reason, including without limitation that it is reversed on appeal and/or the Settlement Agreement is terminated, then this Order and Final Judgment, the Preliminary Approval Order and all related orders from this Court shall be automatically rendered null and void and shall be deemed vacated. In such event, the parties and the putative class members shall be returned to the same litigation position that they were in prior to seeking preliminary approval of the Settlement Agreement, and they shall be free to raise all claims, defenses, and arguments as they would have been able to had they never negotiated or sought approval of the Settlement Agreement. Class Counsel shall also immediately terminate the website.

The Clerk is directed to enter this Judgment forthwith as the final judgment of this Court.

Entered August 18, 2020.

                                                          BY THE COURT:

                                                          /s/

                                              _____
                                              JAMES D. PETERSON
                                              District Judge

Entered August 18, 2020.

    /s/
_____
Peter Oppeneer, Clerk of Court

8